Francis Lightfoot by his Will devises (among other things) as follows “ I give all the remainder of my Estate real & per-' *B41 “ sonal to my son Francis & the heirs male of his body and if “ he dye without such Issue or if there be any failure hereafter “ in the male line Then I give the same to my brother P. Light- “ foot & his heirs He or they paying to my daughter 2500^. “ in full compensation for the same.”
Hopkins fr Deft.
Such a "remainder of a personal thing may well be it being upon a double contingencie either of the sons leaving no issue Male at his death Or if there should be after-wards any failure in the Male line The first contingencie being within the compass of a life the remainder on that Contingencie is good & that contingencie has happen’d. Pie agreed the remainder upon the second Contingencie was void And if the Son had left Issue at his death P. L. the remainder man could not have taken
Cited Pinbury v. Elkin. 2 Bern. 758. 766. [Other citations illegible.]
Randolph fr Deft.
The old books are that a personal thing can’t be limited but this Opinion exploded ever since the restoration And now a more liberal construction of Wills is allowed to support the testor’s Intent Octob’r 1730 Edmonds vs Hughes Adjudged in this Court But if the remainder was not good the last words in the limitation to the deft, plainly shews the testor intended his daughter should have but 2500^.
Nelson 174 2 Vem. 245, 331. Finch Rep. 116 2 Vem. 86. 151. 2 Vem 347. 758, 776, 686. [Note by W. G.] (Not in Myers’s Copy.)
Sayed the Pit. by contesting the Will would forfeit her legacie. Cited Hern v Plern. 2 Vern. 555. Id. 580.
For this point see Powell v. Morgan, 2 Vem 90, 91. 2 Vern, 668 Webb & Webb.
But this seems quite from the Purpose
Mr. Attorney for the Pit.
This remainder is not good The [39] Son has an Estate tail by the Words of the Will and a chattle can’t be intailed Whitmore & Craven 1 Vern. 326. 2 Ch. Ca. 167. Alice Loman’s Case Poll. 37.
*B41 The Testor’s Son lived 2 or 3 years after his father dy’d young and without issue And now a Bill is brought by the daughter for the residue of the personal Estate devised to the son & for the profits of the real Estate from the death of the father to the death of the Son To which bill the deft, demurr’d And the great Question was whether the remainder to P. Lightfoot of the personal Estate was good
*B42 Demurrer allowed
See Fitzg. 314. a Case directly in Point adg’d con. And see the Cases there cited pro & con. See also Gilb. 105. Seale v. Seale.